LEFLORE *v.* FLOWERS ET AL.

[79 South. 60, Division B.]

QUIETING TITLE. *Plaintiff's title.*

Where a grantor by deed conveyed land to his children, share and share alike for life, and at their death the land to go to their children, and partition by suit was had and thereafter M. and T., children of the grantor, made an exchange with plaintiff's mother, also a child of the grantor, of lands alloted

to them respectively in the partition suit, and plaintiff's mother, before her death, executed a deed of trust on the lands so received in exchange, which was foreclosed and brought in by defendant. In such case plaintiffs, prior to the death of M. and T., could not sue to cancel defendant's deeds as a cloud upon their title, since the deed of exchange by M. and T. to plaintiff's mother conveyed their life estate to plaintiff's mother for their lives and not hers and they not being dead their life estate has not expired but inures to the benefit of defendant.

APPEAL from the chancery court of Leake county.

HON. ALBERT Y. WOODWARD, Chancellor.

On suggestion of error for former opinion see 78 So. 513.

The facts are fully stated in the opinion of the court.

*Robt. B. Walker and O. A. Luckett,* for appellant.

*J. L. McMillon,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

Johnnie May Flowers and Shelly Flowers, infants of three and two years of age, respectively, filed their bill by next friend, Marcellus Smith, their uncle, in the chancery court of Leake county, alleging that they are the children of Osie Flowers, formerly Osie Smith, born in lawful wedlock, the only children of said Osie Flowers, who departed this life intestate on the 10th day of June, 1914; that on February 6, 1897, Rufus Smith, the father of Osie Flowers, made a certain deed, in which it is alleged that he conveyed to Sophia Coleman, Louvinia Coleman, Ann Smith, Osie Smith, later Osie Flowers, Mary Smith, Archie Smith, Turner Smith, and Marcellus Smith, for and during their natural lives, and at their respective deaths, their respective interest to go to their children born in lawful wedlock, the land described as the east half and northwest quarter of northwest quarter of section 29, township 10, range 6.

A copy of which deed is made Exhibit A to the bill and made a part thereof. The deed made exhibit recited as follows:

"In consideration of natural love and affection and being out of debt I hereby give, grant and convey to Mrs. Sophia Coleman, Mrs. 'Lavena' Coleman, Archie Smith, Marcellus Smith, Anna Smith, Osie Smith, and Mary Smith & Turner Smith during their natural life and at their natural death to their children born in lawful wedlock an equal and undivided interest, share and share alike, in and to the following real estate," (describing the real estate as in the bill).

It will be seen from the recitals of the deed, which control as against the allegations of the bill, that there was a conveyance to the named children of Rufus Smith of a life estate in the said lands, and at their natural death to their children born in lawful wedlock an equal and undivided interest in said estate. It was further alleged in the bill that Mary Smith died in infancy unmarried and without issue, and that her interest in said land descended to her brothers and sisters of the whole blood. By reference to the terms of the deed above set out it will be seen she only had a life estate in said land. It is further alleged that on March 9, 1900, said parties named in said deed filed their bill in the chancery court for partition of said land among themselves; that a partition was granted, and that Osie Flowers was allotted the east half of the east half of northeast quarter; and that Marcellus Smith was allotted the west half of the west half of northeast quarter, and west half of northwest quarter of south east quarter less five (5) acres on the south end; and that Turner Smith was allotted the east half of the west half of northeast quarter and east half of northwest quarter of southeast quarter less five (5) acres on south end. It is further alleged that Annie

Dawson, formerly Annie Smith, Marcellus Smith, Turner Smith, and Osie Flowers by mutual consent on the 19th day of February, 1912, executed deeds of conveyances, divided the lands allotted to them to suit their own purposes and conveniences, and by said division last named Osie Flowers took the southwest quarter of northeast quarter, less fifteen (15) acres off the north end, and the northwest quarter of southeast quarter less ten (10) acres off south end, all of section 29, township 10, range 6. That on April 3, 1914, Osie Flowers and her husband executed a deed of trust on southwest quarter of northeast quarter, less fifteen (15) acres on north end, and northwest quarter of southeast quarter, less ten (10) acres on south end, section 29, township 10, range 6 east, and that afterwards said deed of trust was foreclosed, and was bought in by Lang Leflore. It is then alleged that the complainants were the owners in fee simple of this land last described by virtue of a deed made by Rufus Smith, the father of Osie Flowers, deceased, and prays for a cancellation of Lang Leflore's claim. The bill was demurred to, and the demurrer overruled, and an appeal granted to settle the principles of the case and on a former day of this court an opinion was rendered, affirming the chancellor and remanding the cause.

On suggestion of error we have reviewed the case; and, while the pleadings are not clear, we have reached the conclusion that the demurrer should have been sustained. It will be noted that the partition suit filed by the life of tenants in 1900 awarded the land in controversey to Turner Smith and Marcellus Smith, and different lands from that in the bill to Osie Flowers; that later Turner Smith and Marcellus Smith conveyed the lands in controversy to Osie Flowers. The bill does not allege that Turner Smith or Marcellus Smith are dead, but it appears from the fact that Marcellus Smith files the bill in this case for the minors that he is still

living. It is not alleged how many of the other heirs of Rufus Smith are now living, nor is it alleged how many of them are dead except Mary Smith. The children of Rufus Smith having only a life estate under the most favorable view to the appellees, their right did not accrue until the death of the life tentant of the lands in controversy. Inasmuch as the partition decree assigned to Turner Smith and Marcellus Smith the lands in controversy for their lives, they having no fee-simple title to said lands, their deed to Osie Flowers would only convey a life estate, terminable at the death of Turner and Marcellus Smith, and not at the death of Osie Flowers. Osie Flowers, having by this deed taken only an estate during the life of Turner Smith, and Marcellus Smith, could convey, and did convey, an estate for the life of said Turner Smith and Marcellus Smith to Lang Leflore.

We think on the remand of the case that appellees may amend their bill, and in the amended bill should allege how many of the heirs of Rufus Smith are living, also the date of the death of Rufus Smith, and should show the lands that were conveyed by each of the parties named in the fifth paragraph of the bill. and the substance of the terms of these deeds should be alleged or the deeds should be made exhibits to the bill.

Therefore the suggestion of error will be sustained. the judgment of the chancery court reversed, and the demurrer sustained here, with leave to amend the bill within thirty days after the mandate reaches the court below.

*Sustained.*